# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JONATHAN HUZARSKY, on Behalf of Himself and All Others Similarly Situated,<br><br>                 Plaintiff,<br><br>v.<br><br>LITTLE KIDS, INC.,<br>                 Defendant. | Case No.<br><br>**<u>JURY TRIAL DEMANDED</u>** |

## <u>CLASS ACTION COMPLAINT</u>

Plaintiff Jonathan Huzarsky ("Plaintiff") by and through his undersigned attorneys, individually and on behalf of all others similarly situated, alleges the following upon personal knowledge as to his own acts and, as to all other allegations, upon information and belief, and upon investigation by counsel:

## <u>NATURE OF THE ACTION</u>

1.      Defendant Little Kids, Inc. ("Defendant") manufactures various types of purportedly "no-spill" toy bubble buckets called "Bubblin' Buckets."

2.      Defendant specifically markets Bubblin' Buckets to parents of young children, because it is purportedly designed to prevent spills when young children knock it over, drop it, or turn it upside down.  A truly "no-spill" bubble bucket is, of course, particularly valuable to the parents of a young child and such representations are, therefore, material to a purchase decision.

3.      The packaging on the Bubblin' Buckets -- which is viewed by every person who purchases a Bubblin' Bucket from a store -- advertises the Bubblin' Buckets as "No-Spill" on a cardboard strip that surrounds the product.  Specifically, the Bubblin' Buckets packaging

contains the following claims about the products: "Works Like Magic!"; "No Mess!"; "No-Spill"; and "Drop it . . . Knock it over . . . Turn it upside down . . . IT'S NO-SPILL!"

4.        Likewise, on Defendant's website, www.littlekidstoys.com (through which consumers can purchase the Bubblin' Buckets, as well as other websites selling the items (such as Amazon.com), Bubblin' Buckets are referred to as "Little Kids Nickelodeon **No Spill** Bubblin' Buckets."  (emphasis added.)  Thus, the very name of the product contains Defendant's claim that the Bubblin' Buckets are "No-Spill."

5.        However, undisclosed by Defendant, and therefore unknown to Plaintiff and the Class, the Bubblin' Buckets actually have a very strong tendency to spill.  These are not leaks associated with years of continuous use.  Rather, the spillage is inherent in the design of the Bubblin' Buckets.

6.        As a result of Defendant's deceptive claims, Defendant has been able to charge a significant premium for the Bubblin' Buckets over other bubble container devices designed for use by children.  The Bubblin' Buckets range in cost from approximately $9.00 to $17.90, while similarly sized bubble solution containers retail for as little as $1.00 to $2.50.

7.        Plaintiff brings this lawsuit against Defendant, on behalf of himself and other similarly situated consumers who purchased Bubblin' Buckets, in order to (a) halt the dissemination of Defendant's deceptive advertising message, (b) correct the false and misleading perception Defendant has created in the minds of consumers, and (c) secure redress for consumers who have purchased one or more of the Bubblin' Buckets.  Plaintiff alleges violations of the consumer protection laws of the Commonwealth of Massachusetts (or, in the alternative, of the State of New York and all similar state consumer protection laws), a claim for negligent misrepresentation, intentional misrepresentation, breach of express warranty, violation of the

Magnusson-Moss Warranty Act, breach of implied warranty of merchantability, breach of implied warranty of fitness of purpose and a claim for unjust enrichment based in quasi-contract.

## JURISDICTION AND VENUE

8.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).  The aggregate claims of Plaintiff and the proposed Class members exceed $5,000,000, exclusive of interest and costs, and there is diversity of citizenship between at least one member of the proposed Class and Defendant.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because many of the acts and transactions giving rise to this action occurred in this district and because Defendant:

    a.      resides in this district, with its principal place of business located herein;

    b.      has intentionally availed itself of the laws and markets within this district through the promotion, marketing, distribution and sale of its products in this district;

    c.      does substantial business in this district; and

    d.      is subject to personal jurisdiction in this district.

## PARTIES

*Plaintiff*

10.     Plaintiff is a citizen of New York and currently resides in Old Westbury, New York.

11.     In April 2015, Plaintiff was exposed to and saw Defendant's materially deceptive labeling and advertising and, as a result, purchased a Bubblin' Bucket called the "Paw Patrol No-Spill Bubblin' Bucket" at a toy store, Funky Monkey, in Greenvale, NY, at the price of $9.99.

12.     Plaintiff was specifically seeking to purchase a no-spill bubble toy for his child's use and he saw the representation on the package that the product was "no spill." Had the Bubblin' Bucket not been advertised as being "no-spill," Plaintiff would not have purchased the Bubblin' Bucket at a premium price.

13.     Defendant Little Kids, Inc. is a Rhode Island corporation with its corporate headquarters and principal place of business in Seekonk, Massachusetts.

14.     Plaintiff is informed and believes, and thus alleges, that at all times herein, Defendant's agents, employees, representatives, and/or partners were acting within the course and scope of such agency, employment, and representation, on behalf of Defendant.

## FACTUAL ALLEGATIONS

15.     Defendant sells numerous types of Bubblin' Buckets, including Bubble Guppies® No-Spill Bubblin' Bucket® (Exhibit ("Ex.") A), SpongeBob™ No-Spill Bubblin' Bucket® (Ex. B), Dora The Explorer™ No-Spill Bubblin' Bucket® (Ex. C), Teenage Mutant Ninja Turtles No-Spill Bubblin' Bucket® (Ex. D), and Paw Patrol No Spill Bubblin Bucket® (Ex. E). Defendant also sells a Fubbles No Spill Big Bubble Bucket® (Ex. F) which is approximately twice as large as the other Bubblin' Buckets and is sold for approximately twice the amount as its other Bubblin' Buckets. These products are all licensed by Nickelodeon.

16.     The Bubblin' Buckets are designed for use by young children and are available in several different colors and designs.

*Defendant's Deceptive Advertising and Marketing*

17.     Defendant sells Bubblin' Buckets in stores throughout the United States, on its website (www.littlekidstoys.com), and on numerous other websites such as Amazon.com. On Defendant's website, the various types of Bubblin' Buckets are sold for $9.00 (except the larger Fubble Bucket®, which is sold for $17.00).

4

18.     Defendant's deceptive advertising of the Bubblin' Buckets as "no-spill" takes two primary forms: in-store and online advertising.  In-store advertising appears on the cardboard packaging on every Bubblin' Bucket.  Online advertising appears on the Little Kids website, where the Bubblin' Buckets are available for purchase, as well as other websites where the Bubblin' Buckets are sold.

19.     Every Bubblin' Bucket available for in-store purchase is displayed in the store with cardboard packaging surrounding the item.  The packaging emphasizes the "no-spill" nature of the product, stating: "Works Like Magic!", "No Mess!" and "Drop it . . . Knock it over . . . Turn it upside down . . . IT'S NO-SPILL!".  Thus, the main feature of the product is the fact that it purportedly does not spill.  The following is a picture of that packaging:



20.     Defendant's online advertising for the Bubblin' Buckets is essentially identical and equally deceptive, representing as the central feature of the product that it is "no-spill" and/or that it is specifically designed to prevent spilling.  For example, the web pages for the Dora the Explorer™ No-Spill Bubblin' Bucket®, and the SpongeBob™ No-Spill Bubblin' Bucket® state that "the patented No-Spill® design **eliminates** bubble spills."  (Emphasis added).  The webpage for the Bubble Guppies™ No-Spill Bubblin' Bucket® states that it "works like magic!

Drop it, Knock it over, tip it upside down – all without spills!" *See*

http://www.littlekidstoys.com/index.php/shop/bubble-guppies/bubble-guppies-ns-bubblin, last

visited October 16, 2015, and attached hereto as Ex. G.

      21.    Similar claims are made on other websites where the Bubblin' Buckets are sold,

including Amazon.com, which describes the Bubblin' Buckets as follows:

> **Product Description**
>
> Blow tons of bubbles with your favorite Nickelodeon pals!  The
> Nickelodeon No-Spill Bubblin' Bucket makes on-the-go bubbles
> fun look easy!  **The unique, patented design prevents messy
> bubble spills – tip it upside down, knock it over, drop it – it's
> no-spill!**

*See* http://www.amazon.com/Little-Kids-Nickelodeon-No-Spill-Bubblin/dp/B00QIIAY04, last

visited October 16, 2015 (emphasis added).

      22.    Thus, the overall consistent message of the advertising -- whether online or in-

store -- is that these products **do not spill**.

      23.    By advertising the Bubblin' Buckets as "no-spill," Defendant is able to price them

at a premium to similar products that do not provide such a guarantee.  While the Bubblin'

Buckets retail for approximately $9.00 on-line and $9.99 in stores (with Fubble Buckets retailing

for approximately $17.00 on-line and $17.90 in stores), other bubble solution containers that are

not advertised as "no spill" retail for as little as $1.00 to $2.50.  This provides further evidence

that the supposed "no-spill" nature of the item is a material factor in a consumer's decision to

purchase it, as consumers are paying a premium for the claimed "no-spill" feature.

*The "No-Spill" Bubblin' Buckets Are Not "No-Spill"*

      24.    As Plaintiff and other members of the Class discovered after purchasing the

Bubblin' Bucket products, they are anything but "no-spill."  Indeed, the products regularly spill

and leak.  Upon information and belief, Defendant launched its "no-spill" Bubblin' Buckets

product line and began making the "no-spill" misrepresentations in or about February 2005.

     25.     Numerous purchasers of the products have voiced their dismay with Defendant's

deceptive advertising after realizing that the "no-spill" Bubblin' Buckets actually spill quite

significantly.  A sample of such reviews appears below:

> **Leaks!**
>
> By Phillip on April 14, 2015
> Style Name: Paw Patrol     Verified Purchase
> Have had several spill proof buckets but bought this for my son
> who loves Paw Patrol.  Have followed the directions to the T and
> have rescrewed the cap on a thousand times thinking we were
> doing it wrong or it was possibly not aligned but it does nothing
> but spill bubbles everywhere!  A big mess!  So disappointed to
> have spent the extra money to have Paw Patrol on it and it leaks
>
> **awful.  Spilled everywhere**
>
> By Prissy on April 26, 2015
> Style Name:  Bubble Guppies Verified Purchase
> Returning.  Spilled everywhere.  Item was crap produced basically
> no bubbles
>
> **Leaks!! And we are careful not to overfill . . .**
>
> By Toddler Mom on April 15, 2015
> Style Name:  Paw Patrol     Verified Purchase
> Leaks!! And we are careful not to overfill.  Save your money
>
> **Total waste**.
>
> By The Rural Juror on April 19, 2015
> Style Name:  Dora and Friends     Verified purchase
> It started leaking the first day we got it.  Waste of $10
>
> **One Star**
>
> By chris blumenstetter on March 29, 2015
> Style Name:  Paw Patrol     Verified Purchase
> Leaks terribly.  Big mess.  Don't buy

**<u>Two Stars</u>**

By TJ on May 6, 2015
Style Name:  Paw Patrol        Verified Purchase
Thought it was supposed to be No-spill.  My 3 year old proved it
wrong!

**<u>as my kids love Paw Patrol</u>**

By D&F on April 6, 2015
Style Name: Paw Patrol        Verified Purchase
I was very excited to get this on a lightening deal, as my kids love
Paw Patrol.

However, it is far from spill proof.  It got knocked over a few times
and there were spills, albeit less mess.  It was sealed properly but
the bubble liquid was coming out of the top.  Decent product.

**<u>Does not work well … for adults or toddlers</u>**

By Garen L. Corbett on March 13, 2015
Style Name: Dora      Verified Purchase
Did not work well at all. :-(

*See* Amazon.com Customer Reviews of Little Kids Nickelodeon No Spill Bubblin' Buckets,

*available at* http://www.amazon.com/Little-Kids-Nickelodeon-No-Spill-Bubblin/dp/B00QIIAY

04/ref=cm_cr_pr_product_top?ie=UTF8 (last visited October 16, 2015) (emphasis added).

***Facts Specific to Plaintiff***

26.    In or about April 2015, Plaintiff was shopping at Funky Monkey in Greenvale,

NY.  He saw the label on the package that said "no-spill."  Because it was advertised as being

"no-spill," Plaintiff purchased the Paw Patrol Bubblin' Bucket at the price of $9.99, plus tax.

27.    Upon use by his child, Plaintiff noticed that the Bubblin' Bucket easily and

readily spilled.

28.    If the Bubblin' Bucket had not been advertised as being "no-spill," Plaintiff

would not have purchased it at a premium price.  Thus, like the other members of the Class,

Plaintiff suffered an economic loss as a result of Defendant's materially deceptive claims regarding the supposed "no spill" quality of the product.

## CLASS DEFINITION AND ALLEGATIONS

29.     Plaintiff seeks certification of a class of all individuals (the "Class") throughout the United States who purchased one or more of the Bubblin' Buckets at any time during the applicable statute of limitations period (the "Class Period").

30.     Plaintiff also seeks certification, to the extent necessary or appropriate, of a class or subclass of individuals who purchased the Bubblin' Buckets in the State of New York at any time during the Class Period (the "New York Class or Subclass").

31.     The Class and the New York Class or Subclass shall be referred to collectively throughout the Complaint as the Class.

32.     Excluded from the Class are Defendant and its officers, directors and employees and those who purchased a Bubblin' Bucket for the purpose of resale or who assert claims for personal injury.

33.     Plaintiff alleges claims under Massachusetts law on behalf of himself individually and on behalf of both residents and non-residents of Massachusetts because Defendant's principal place of business is in Massachusetts and all of Defendant's promotional and business activities emanate from Massachusetts.

34.     Plaintiff reserves the right to amend the definition of the Class if discovery or further investigation reveals that the Class should be expanded or otherwise modified.

35.     This action has been brought and may properly be maintained on behalf of the Class proposed above under the criteria of  Federal Rule of Civil Procedure 23, insofar as the Class meets all the requirements of Rule 23:

a.      ***Numerosity***:  The members of the Class are so numerous that their

individual joinder is impracticable.  Plaintiff is informed and believes that the proposed Class

contains thousands of purchasers of the Bubblin' Buckets who have been damaged by

Defendant's conduct as alleged herein.  While the precise number of Class members and their

addresses are presently unknown to Plaintiff, that information is known to Defendant or is

otherwise discoverable, and thus those Class members may be notified of the pendency of this

action by first class mail, electronic mail, and/or published notice.

b.      ***Existence and Predominance of Common Questions of Law and Fact***:

This action involves common questions of law and fact, which predominate over any

questions affecting individual Class members.  Common questions of law and fact include, but

are not limited to, the following:

i.        Whether Defendant's claims about the Bubblin' Buckets discussed

above are true, or are reasonably likely to deceive;

ii.       Whether the alleged conduct constitutes violation of the consumer

protection laws and/or common law of the Commonwealth of Massachusetts (or, alternatively, of

the State of New York and/or states with similar consumer protection laws and/or common law

nationwide);

iii.      Whether the alleged conduct constitutes negligent

misrepresentation;

iv.      Whether the alleged conduct constitutes intentional

misrepresentation;

v.       Whether the alleged conduct constitutes a breach of the express

warranty which exists between Defendant and Plaintiff and other members of the Class;

vi.       Whether the alleged conduct constitutes a violation of the

Magnusson-Moss Warranty Act;

vii.       Whether the alleged conduct constitutes a breach of implied

warranty of merchantability;

viii.       Whether the alleged misconduct constitutes a breach of the implied

warranty of fitness of purpose;

ix.       Whether the alleged conduct constitutes unjust enrichment;

x.       Whether Defendant engaged in deceptive advertising;

xi.       Whether Plaintiff and Class members have sustained an injury and

the proper measure of that injury; and

xii.       Whether Plaintiff and Class members are entitled to injunctive

relief.

c.       ***Typicality*:**  Plaintiff's claims are typical of the claims of the other

members of the Class because, *inter alia*, all Class members were injured through the uniform

misconduct described above, and all Class members were subject to Defendant's deceptive

statements, including deceptive claims that accompanied each and every Bubblin' Bucket sold.

Plaintiff is advancing the same claims and legal theories on behalf of himself and all members of

the Class.

d.       ***Adequacy of Representation*:**  Plaintiff will fairly and adequately protect

the interests of the members of the Class.  Plaintiff has retained counsel experienced in complex

consumer class action litigation, and Plaintiff intends to prosecute this action vigorously.

Plaintiff has no interests adverse or antagonistic  to those of the Class.

e.     ***Superiority***:  A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages  suffered by individual Class members are relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Defendant.  It would thus be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs done to them by Defendant.  Furthermore, individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding and presents no unusual management difficulties under the circumstances here.

36.     Unless a Class is certified, Defendant will retain monies received as a result of its conduct that were taken from Plaintiff and Class members.  Unless a class-wide injunction is issued, Defendant will continue to commit the violations alleged, and the members of the Class and the general public will continue to be deceived.

<u>**COUNT I**</u>
**For Untrue and Misleading**
**Advertising in Violation of Mass. Gen. Laws c. 266, § 91**
**(On Behalf of Plaintiff and the Class)**

37.     Plaintiff repeats and realleges the above allegations as if fully set forth herein.

38.     Plaintiff brings this claim individually and on behalf of the Class under Massachusetts law.

39.     Defendant's labeling, packaging, marketing, advertising, and promotion of the Bubblin' Buckets is untrue, deceptive, and/or misleading, in violation of Mass. Gen. Laws c. 266, § 91.

40.     At all times relevant to this action, Defendant knew, or could upon reasonable investigation, have ascertained, that the labeling, marketing, advertising and promotion of the Bubblin' Buckets was untrue, deceptive and/or misleading.

41.     Defendant's untrue, deceptive, and/or misleading labeling, packaging, marketing, advertising, and promotion of the Bubblin' Buckets has continued throughout the Class Period and is continuing as of the present date.

42.     As a purchaser of a Bubblin' Bucket who was aggrieved  by Defendant's untrue, deceptive and/or misleading advertising, Plaintiff is entitled to and does bring this class action to seek all available remedies under Mass. Gen. Laws ch. 266, § 91, including injunctive relief. The injunctive relief would include an order directing Defendant to cease its false and misleading labeling and advertising, retrieve existing false and misleading advertising and promotional materials, and publish corrective advertising.

**COUNT II**
**For Unfair and Deceptive**
**Conduct in Violation of Mass. Gen. Laws, c. 93A, § 2**
**(On Behalf of Plaintiff and the Class)**

43.     Plaintiff repeats and realleges the above allegations as if fully set forth herein.

44.     Plaintiff brings this claim individually and on behalf of the Class under Massachusetts law.

45.     Defendant's conduct, as alleged herein, constitutes unfair or deceptive acts or practices and unfair methods of competition in trade or commerce in violation of Mass. Gen. Laws c. 93A, §2 and the regulations promulgated thereunder, including without limitation, 940 C.M.R. §§ 3.02(2), 3.05(1) and (2), 3.08(2), and 3.16(2).

46.     Defendant's unlawful conduct includes its false and misleading statements, representations, and depictions in its labeling, packaging, marketing and advertising for Bubblin'

Buckets, as alleged in greater detail above.  Such conduct injured Plaintiff and each of the other

Class members, in that that they paid more for the falsely advertised Bubblin' Buckets than the

products  were worth at the time of purchase.

47.     Defendant's unfair or deceptive acts or practices, as alleged herein, were willful

or knowing violations of Mass. Gen. Laws c. 93A, § 2, within the meaning of Mass. Gen. Laws

c. 93A, § 9(3).

48.     On August 21, 2015, Plaintiff served Defendant with a demand letter, in

accordance with Mass. Gen. Laws c. 93A, § 9(3).  Plaintiff sent the letter via certified mail,

return receipt requested, to Defendant's principal place of business in Massachusetts.  The

demand letter explained in detail the nature of Defendant's unfair or deceptive acts or practices

and the injuries suffered by Plaintiff and the other members of the Class, and demanded

compensation for those injuries and other relief.  A true and correct copy of Plaintiff's demand

letter is annexed hereto as Exhibit H.

49.     In response to that letter, Defendant has failed and refused to make a reasonable

offer of relief.

50.     Plaintiff and the other members of the Class have been injured by Defendant's

unfair or deceptive acts or practices and unfair methods of competition.

51.     Pursuant to Mass. Gen. Laws c. 93A, §§ 9(3) and 9(4), Plaintiff and each of the

other members of the Class are entitled to recover double or treble the amount of their actual

damages, or statutory damages, whichever is greater, plus their reasonable attorneys' fees and the

costs of this action.

52.     Plaintiff and the other members of the Class are also entitled to injunctive relief in

the form of an order directing Defendant to cease its false and misleading labeling and

advertising, retrieve existing false and misleading advertising and promotional materials, and publish corrective advertising.

**COUNT III**
**For Violation of New York General Business Law § 349**
**(On Behalf of Plaintiff and the New York Class or Subclass in**
**the Alternative to Counts I and II)**

53.     Plaintiff repeats and realleges the above allegations, other than the allegations of ¶¶ 37-52, as if fully set forth herein.

54.     To the extent that the consumer protection laws of the State of New York rather than Massachusetts apply to this action, Plaintiff brings this claim individually and on behalf of the New York Class or Subclass under New York law.

55.     New York General Business Law § 349 prohibits "deceptive acts or practices in the conduct of any business, trade, or commerce" in New York.

56.     The conduct of Defendant alleged herein violates General Business Law § 349 in that Defendant's representations and claims, in its advertising and on the packaging of the Bubblin' Buckets, lead consumers such as Plaintiff and the New York Class or Subclass to believe that the Bubblin' Buckets are "no-spill," while in actuality the items are not "no-spill" and are in fact prone to spills and leaks.  Such conduct is inherently and materially deceptive and misleading because Defendant knew or should have known that the items are not "no-spill," and thus Defendant knew or should have known that its statements were materially misleading and deceptive.

57.     The materially misleading conduct of Defendant alleged herein was directed at the public at large.

58.     Defendant's acts and practices described above are likely to mislead a reasonable consumer acting reasonably under the circumstances.

15

59.     Defendant's deceptive and misleading acts are a willful and knowing violation of General Business Law § 349 because Defendant knew or acted with reckless disregard to the fact that its claims and representations regarding the supposedly "no-spill" nature of the Bubblin' Buckets were false and misleading.

60.     As a result of Defendant's deceptive and misleading acts, Plaintiff and the New York Class or Subclass have been injured as alleged herein in amounts to be proven at trial because they purchased one or more of the Bubblin' Buckets after seeing representations that the products do not spill.  Had Plaintiff or the New York Class or Subclass known that the products were actually prone to spilling, they either would not have purchased the products or would not have paid the price they paid for the products.

61.     As a result, pursuant to General Business Law § 349, Plaintiff and the other members of the New York Class or Subclass are entitled to maintain an action against Defendant for the greater of their actual damages or fifty dollars each, with such damages to be trebled up to one thousand dollars  each if the Court finds that Defendant willfully or knowingly violated this section, plus attorneys' fees, costs, and injunctive relief prohibiting Defendant from continuing to engage in the deceptive acts set forth above.

## COUNT IV
### For Violation of New York General Business Law § 350
### (On Behalf of Plaintiff and the New York Class or Subclass in
### the Alternative to Counts I and II)

62.     Plaintiff repeats and realleges the above allegations, other than the allegations of ¶¶ 37-52, as if fully set forth herein.

63.     To the extent that the consumer protection laws of the State of New York rather than Massachusetts apply to this action, Plaintiff brings this claim individually and on behalf of the New York Class or Subclass under New York law.

64.     N.Y. Gen. Bus. Law § 350 provides, in part, as follows:

"False advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful."

65.     N.Y. Gen. Bus. Law § 350-a(1) provides, in part, as follows:

"The term 'false advertising' means advertising, including labeling, of a commodity, or of the kind, character, terms or conditions of any employment opportunity if such advertising is misleading in a material respect.  In determining whether any advertising is misleading, there shall be taken into account (among other things) not only representations made by statement, word, design, device, sound or any combination thereof, but also the extent to which the advertising fails to reveal facts material in the light of such representations with respect to the commodity or employment to which the advertising relates under the conditions proscribed in said advertisement, or under such conditions as are customary or usual . . . ."

66.     Defendant's advertisements contain untrue and materially misleading statements concerning Defendant's Bubblin' Buckets inasmuch as they misrepresent that they are "no-spill." In actuality, the Bubblin' Buckets are prone to spilling and leaking.

67.     Plaintiff and the New York Class and/or Subclass members have been injured inasmuch as they relied upon Defendant's labeling and advertising and paid a premium for Bubblin' Buckets that are prone to spilling and leaking.

68.     Defendant made its untrue and/or misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

69.     Defendant's advertising induced the Plaintiff and New York Class and/or Subclass members to pay a premium for the Bubblin' Buckets.

70.     Defendant's untrue and misleading statements about the Bubblin Buckets were material to Plaintiff and New York Class and/or Subclass members.  The reasonable consumer would expect the Bubblin' Buckets to perform as represented by Defendant.

71.     Defendant's conduct constitutes multiple, separate violations of N.Y. Gen. Bus. Law § 350.

72.     Defendant's material misrepresentations were substantially uniform in content, presentation, and impact upon consumers at large.  Moreover, all consumers purchasing the Bubblin' Buckets were and continue to be exposed to Defendant's material misrepresentations.

73.     As a result of Defendant's false and misleading advertising, Plaintiff and New York Class and/or Subclass members are entitled to monetary, compensatory, treble and punitive damages, injunctive relief, restitution and disgorgement of all monies obtained by means of Defendant's unlawful conduct, interest, attorneys' fees and costs.

**COUNT V**
**Violation of State Consumer Protection Statutes**
**(On Behalf of Plaintiff and the Class in**
**the Alternative to Counts I and II)**

74.     Plaintiff repeats and realleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

75.     To the extent that the consumer protection laws of each state apply to this action, Plaintiff brings this claim individually and on behalf of the Class.

76.     Plaintiff and Class members have been injured as a result of Defendant's violation of the following state consumer protection statutes, which also provide a basis for redress to Plaintiff and Class members based on Defendant's deceptive, unfair and unconscionable acts, practices and conduct.

77.     Defendant's conduct as alleged herein violates the consumer protection, unfair trade practices and deceptive acts laws of each of the following jurisdictions:

a.  **Alaska:** Defendant's practices were and are in violation of Alaska's Unfair Trade Practices and Consumer Protection Act, Alaska Stat. § 45.50.471, *et seq.*

b.  **Arizona:**  Defendant's practices were and are in violation of Arizona's Consumer Fraud Act, Ariz. Rev. Stat. Ann. §§ 44-1521, *et seq*.

c.  **Arkansas:**  Defendant's practices were and are in violation of Arkansas Code Ann. § 4-88-101, *et seq.*

d.  **California:**  Defendant's practices were and are in violation of California Consumer Legal Remedies Act, Civil Code § 1750, *et seq*., and California's Unfair Competition Law, California Business and Professions Code § 17200, *et seq*.

e.  **Colorado**:  Defendant's practices were and are in violation of Colorado's Consumer Protection Act, Colo. Rev. Stat. §§ 61-1-101, *et seq.*

f.  **Connecticut:**  Defendant's practices were and are in violation of Connecticut's Gen. Stat. § 42-110a, *et seq.*

g.  **Delaware:**  Defendant's practices were and are in violation of Delaware's Consumer Fraud Act, Del. Code Ann. tit. 6, § 2511, *et seq.* and the Deceptive Trade Practices Act, Del. Code Ann. tit. 6, § 2531, *et seq.*

h.  **District of Columbia:**  Defendant's practices were and are in violation of the District of Columbia's Consumer Protection Act, D.C. Code § 28-3901, *et seq.*

i.  **Florida:**  Defendant's practices were and are in violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. § 501.201, *et seq*.

j.  **Hawaii:**  Defendant's practices were and are in violation of the Hawaii's Uniform Deceptive Trade Practices Act, Haw. Rev. Stat. § 481A-1, *et seq.* and Haw. Rev. Stat. § 480-2.

k.  **Idaho:**  Defendant's practices were and are in violation of Idaho's Consumer Protection Act, Idaho Code Ann. § 48-601, *et seq.*

l.  **Illinois:**  Defendant's acts and practices were and are in violation of Illinois' Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/2; and Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/2.

m.  **Indiana:**  Defendant's practices were and are in violation of Indiana's Deceptive Consumer Sales Act, Ind. Code Ann. § 24-5-0.5-1, *et seq.*

n.  **Kansas:**  Defendant's practices were and are in violation of Kansas's Consumer Protection Act, Kat. Stat. Ann. § 50-623, *et seq*.

o.  **Kentucky:**  Defendant's practices were and are in violation of Kentucky's Consumer Protection Act, Ky. Rev. Stat. Ann. § 367.110, *et seq.*

p.  **Maine:**  Defendant's practices were and are in violation of the Maine Unfair Trade Practices Act, 5 Me. Rev. Stat. Ann. Tit. 5, § 205-A, *et seq.* and 10 Me. Rev. Stat. Ann. § 1101, *et seq*.

q.  **Maryland:**  Defendant's practices were and are in violation of Maryland's Consumer Protection Act, Md. Code Ann. Com. Law § 13-101, *et seq*.

r.  **Massachusetts:**  Defendant's practices were and are unfair and deceptive acts and practices in violation of Massachusetts' Consumer Protection Act, Mass. Gen. Laws ch. 93A, § 2.

s.  **Michigan:**  Defendant's practices were and are in violation of Michigan's Consumer Protection Act, Mich. Comp. Laws Ann. § 445.901, *et seq*.

t.  **Minnesota:**  Defendant's practices were and are in violation of Minnesota's False Statement in Advertisement Act, Minn. Stat. § 325F.67,  Minnesota's Prevention of Consumer Fraud Act, Minn. Stat. § 325F.68, *et seq.* Minnesota's Unlawful Trade Practices law, Minn. Stat. § 325D.09, *et seq.,* and Minnesota's Uniform Deceptive Trade Practices Act, Minn. Stat. § 325D.43, *et seq.*

u.  **Missouri:**  Defendant's practices were and are in violation of Missouri's Merchandising Practices Act, Mo. Rev. Stat. § 407.010, *et seq.*

v.  **Nebraska:**  Defendant's practices were and are in violation of Nebraska's Consumer Protection Act, Neb. Rev. Stat. § 59-1601, *et seq.* and the Uniform Deceptive Trade Practices Act, § 87-302, *et seq.*

w.  **Nevada:**  Defendant's practices were and are in violation of Nevada's Deceptive Trade Practices Act, Nev. Rev. Stat. Ann. §§ 598.0903 and 41.600.

x.  **New Hampshire:**  Defendant's practices were and are in violation of New Hampshire's Regulation of Business Practices for Consumer Protection, N.H. Rev. Stat. Ann. § 358-A:1, *et seq.*

y.  **New Jersey:**  Defendant's practices were and are in violation of New Jersey's Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1, *et seq*.

z.  **New Mexico:**  Defendant's practices were and are in violation of New Mexico's Unfair Practices Act, N.M. Stat. Ann. § 57-12-1, *et seq.*

aa.  **New York:**  Defendant's practices were in and are in violation of New York's Gen. Bus. Law §§ 349, *et seq.*

bb. **North Carolina:**  Defendant's practices were and are in violation of North Carolina's Unfair Deceptive Trade Practices Act, N.C. Gen. Stat. Ann. § 75-1, *et seq.*

cc. **North Dakota:**  Defendant's practices were and are in violation of North Dakota's Unlawful Sales or Advertising Practices law, N.D. Cent. Code § 51-15-01, *et seq.*

dd. **Ohio:**  Defendant's practices were and are in violation of Ohio's Consumer Sales Practices Act, Ohio Rev. Code Ann. § 1345.01, *et seq.* and Ohio's Deceptive Trade Practices Act. Ohio Rev. Code Ann. § 4165.01, *et seq.*

ee. **Oklahoma:**  Defendant's practices were and are in violation of Oklahoma's Consumer Protection Act, Okla. Stat. Ann. tit. 15 § 751, *et seq.*, and Oklahoma's Deceptive Trade Practices Act, Okla. Stat. Ann. tit. 78 § 51, *et seq.*

ff. **Oregon:**  Defendant's practices were and are in violation of Oregon's Unlawful Trade Practices law, Or. Rev. Stat. § 646.605, *et seq.*

gg. **Pennsylvania:**  Defendant's practices were and are in violation of Pennsylvania's Unfair Trade Practice and Consumer Protection Law, 73 Pa. Stat. Ann. § 201-1, *et seq.*

hh. **Rhode Island:**  Defendant's practices were and are in violation of Rhode Island's Deceptive Trade Practices Act, R.I. Gen. Laws § 6-13.1-1, *et seq.*

ii. **South Dakota:**  Defendant's practices were and are in violation of South Dakota's Deceptive Trade Practices and Consumer Protection Act, S.D. Codified Laws § 37-24-1, *et seq.*

jj. **Texas:**  Defendant's practices were and are in violation of Texas' Deceptive

Trade Practices Consumer Protection Act, Tex. Bus. & Com. Code Ann. § 17.41,

*et seq.*

kk. **Utah:**  Defendant's practices were and are in violation of Utah's Consumer Sales

Practices Act, Utah Code Ann. § 13-11-1, *et seq.*, and Utah's Truth in Advertising

Law, Utah Code Ann. § 13-11a-1, *et seq.*

ll. **Vermont:**  Defendant's practices were and are in violation of Vermont's

Consumer Fraud Act, Vt. Stat. Ann. tit. 9 § 2451, *et seq.*

mm. **Washington:**  Defendant's practices were and are in violation of Washington

Consumer Protection Act, Wash. Rev. Code Ann. § 19.86, *et seq.*

nn. **West Virginia:**  Defendant's practices were and are in violation of West

Virginia's Consumer Credit and Protection Act, W. Va. Code § 46A-6-101, *et*

*seq.*

*oo.* **Wisconsin:**  Defendant's practices were and are in violation of Wisconsin's

Consumer Act, Wis. Stat. §421.101, *et seq.*

pp. **Wyoming:**  Defendant's practices were and are in violation of Wyoming's

Consumer Protection Act, Wyo. Stat. Ann. §40-12-101*, et seq.*

78.    Defendant violated the aforementioned states' unfair and deceptive acts and

practices laws by representing that its Bubblin' Buckets are "no-spill" when in actuality, they are

not "no-spill" and are in fact prone to spills and leaks.

79.    These misrepresentations were material to Plaintiff's and Class members'

decision to purchase the Bubblin' Buckets and to pay a premium price for them.  The reasonable

consumer would expect the Bubblin' Buckets to conform to the representations on the label.

80.     Defendant made its untrue and/or misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

81.     As a result of Defendant's violations of the aforementioned states' unfair and deceptive practices laws, Plaintiff and Class members purchased the Bubblin' Buckets at a premium price.

82.     As a result of Defendant's violations, Defendant has been unjustly enriched.

83.     Pursuant to the aforementioned states' unfair and deceptive practices laws, Plaintiff and Class members are entitled to recover compensatory damages, restitution, punitive and special damages including but not limited to treble damages, reasonable attorneys' fees and costs and other injunctive or declaratory relief as deemed appropriate or permitted pursuant to the relevant law.

84.     To the extent that pre-suit demand or notice is required under any of the above-referenced state consumer protection statutes (other than Massachusetts), the demand letter served under M.G.L. c. 93A, § 9(3), Exhibit H hereto, constitutes sufficient demand or notice concerning the alleged unfair and deceptive acts and practices under any such statute(s).

## COUNT VI
### Negligent Misrepresentation
### (On Behalf of Plaintiff and the Class)

85.     Plaintiff repeats and realleges the above allegations as if fully set forth herein.

86.     Defendant misrepresented to Plaintiff and the Class that the Bubblin' Buckets are "no-spill."

87.     The "no-spill" claims by Defendant concerning the Bubblin' Buckets are false and misleading because they misrepresent the nature and/or qualities of the Bubblin' Buckets. The Bubblin' Buckets are, in actuality, very prone to spilling and leaking.

88.     At the time Defendant made and publicized the "no-spill" claims, Defendant had

no reasonable grounds for believing that these representations were true.

89.     At the time that these representations were made and publicized, Plaintiff and the

Class were unaware that the "no-spill" claims were false.

90.     The "no-spill" claims deceived and confused Plaintiff and the Class.  The "no-

spill" claims have also influenced or are likely to influence future purchasing decisions of the

buying public.  Plaintiff and the Class reasonably acted in reliance upon Defendant's "no-spill"

claims.

91.     As a direct and proximate result of Plaintiff's and the Class's reliance upon the

Defendant's "no-spill" claims, Plaintiff and the Class have sustained damages.

**COUNT VII**
**Intentional Misrepresentation**
**(On Behalf of Plaintiff and the Class)**

92.     Plaintiff repeats and realleges the above allegations as if fully set forth herein.

93.     Defendant misrepresented to Plaintiff and the Class that the Bubblin' Buckets are

"no-spill."

94.     Defendant's representations were false and misleading.  The Bubblin' Buckets are

very prone to spilling and leaking.

95.     At the time Defendant made the "no-spill" claims, Defendant knew the

representations were false.

96.     Defendant made the misrepresentations alleged herein with the intention of

inducing and persuading Plaintiff and the Class to purchase the Bubblin' Buckets.

97.     As a direct or proximate result of Defendant's intentional misrepresentations,

Plaintiff and Class members were induced to purchase the Bubblin' Buckets at a premium price.

98.     Defendant knew that the Bubblin' Buckets were not actually "no-spill" and that they were in fact prone to spills and  leaks.  Defendant made its "no-spill" claims with the intention that its customers and the general public would rely on them.  Plaintiff and the Class purchased and used the Bubblin' Buckets in reliance on Defendant's false representations.

99.     Plaintiff and Class members were damaged through their purchase and use of the Bubblin' Buckets.

100.    Plaintiff's and Class members' reliance on Defendants advertising and representations of the use and characteristics of the Bubblin' Buckets was reasonable.

101.    Based upon the allegations stated herein, Defendant was and is guilty of malice, oppression and fraud, and Plaintiff and the Class are thereby entitled to recover exemplary or punitive damages.

## COUNT VIII
### Breach of Express Warranty
### (On Behalf of Plaintiff and the Class )

102.    Plaintiff repeats and realleges the above allegations as if fully set forth herein.

103.    Plaintiff brings this claim individually and on behalf of the Class.

104.    Defendant constituted both a "merchant" and a "seller" in connection with its sale of Bubblin' Buckets to Plaintiff and Class members, as those terms are defined in the Uniform Commercial Code, as adopted in Massachusetts and other states.  Further, Plaintiff and Class members are "buyers" as that term is defined in the Uniform Commercial Code, as adopted by Massachusetts and other states.  Bubblin' Buckets constitute "goods," as that term is defined in the Uniform Commercial Code, as adopted by Massachusetts and other states.

105.    Plaintiff and each member of the Class formed a contract with Defendant at the time Plaintiff and the other members of the Class purchased their Bubblin' Buckets.  The terms

of that contract included the promises and affirmations of fact, and descriptions of the Products, made by Defendant on the Bubblin' Buckets' packaging and through marketing and advertising, as described above.  These promises, affirmations of fact and descriptions  constitute express warranties and became part of the basis of the bargain, and are part of the standardized contract between Plaintiff and the members of the Class and Defendant.

106.    Defendant, through its advertising and packaging, creates express warranties that the Bubblin' Buckets are "no-spill."  Plaintiff and the Class relied on those express warranties as being a part of the bargain between the parties.

107.    All conditions precedent to Defendant's liability under the contract have been performed by Plaintiff and the Class.

108.    Defendant breached express warranties about the "no-spill" nature of the Bubblin' Buckets because Defendant's statements about the products were false and the products do not conform to Defendant's affirmations and promises described above.  Plaintiff would not have purchased the products, or would not have paid as much as he did for the products, had he known the true nature of them -- namely, that they are, in reality, highly susceptible to spilling.

109.    As a result of Defendant's breach of its express warranties, Plaintiff and the Class have been damaged in the amount of the purchase price of the Bubblin' Buckets they purchased and any consequential damages resulting from the purchases.

110.    To the extent that notice of breach of warranty is required under any applicable state law, this Complaint constitutes sufficient notice of breach.  Alternatively, to the extent it is determined that notice of breach was required and not given, Defendant did not suffer any prejudice thereby.

**COUNT IX**
**Violation of the Magnusson-Moss**
**Warranty Act, 15 U.S.C. § 2301** *et seq.*
**(On Behalf of Plaintiff and the Class)**

111.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

112.     Plaintiff brings this claim individually and on behalf of all members of the Class. Upon certification, the Class will consist of more than 100 named Plaintiffs.

113.     The Magnusson-Moss Warranty Act provides a federal remedy for consumers who have been damaged by the failure of a supplier or warrantor to comply with any obligation under a written warranty or implied warranty, or other various obligations established under the Magnusson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*

114.     The Bubblin' Buckets are "consumer products" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

115.     Plaintiff and other members of the Class are "consumers" within the meaning of the Magnusson-Moss Warranty Act, 15 U.S.C. § 2301(3).

116.     Defendant is a "supplier" and "warrantor" within the meaning of the Magnusson-Moss Warranty Act, 15 U.S.C. §§ 2301(4) & 2301(5).

117.     Defendant represented in writing that the Bubblin' Buckets are "no-spill."

118.     These statements were made in connection with the sale of the Bubblin' Buckets, relate to their nature, and promise that they are defect free.  As such, the "no-spill" claims are "written warranties" within the meaning of the Magnusson-Moss Warranty Act, 15 U.S.C. § 2301(6)(A).

119.     As alleged herein, Defendant has breached the written warranty by selling consumers Bubblin' Buckets that are, in fact, prone to spilling and leaking.

120.     The Bubblin' Buckets do not conform to the Defendant's written warranty and therefore violate the Magnusson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*.  Consequently, Plaintiff and the other members of the Class have suffered injury and are entitled to damages in an amount to be proven at trial.

## COUNT X
### Breach of Implied Warranty of Merchantability
### (On Behalf of Plaintiff and the Class)

121.     Plaintiff repeats and realleges the above allegations as if fully set forth herein.

122.     Plaintiff brings this claim individually and on behalf of the Class.

123.     Defendant constituted both a "merchant" and a "seller" in connection with its sale of Bubblin' Buckets to Plaintiff and Class members, as those terms are defined in the Uniform Commercial Code, as adopted in Massachusetts and other states.  Further, Plaintiff and Class members are "buyers" as that term is defined in the Uniform Commercial Code, as adopted by Massachusetts and other states.  Bubblin' Buckets constitute "goods," as that term is defined in the Uniform Commercial Code, as adopted by Massachusetts and other states.

124.     As part of the sales of Bubblin' Buckets to Plaintiff and Class members, Defendant impliedly warranted that the Bubblin' Buckets conformed to the promises and affirmations of fact made on the Bubblin' Buckets' labeling and packaging.

125.     At the time of sale, Defendant made promises and affirmations of fact on the labeling and packaging for Bubblin' Buckets that the Bubblin' Buckets were "no-spill."

126.     Defendant in fact breached the implied warranty of merchantability because the Bubblin' Buckets sold to Plaintiff and Class members did not conform to those promises and affirmations of fact in that the Bubblin' Buckets were prone to spilling and leaking and were not "no-spill" products, as claimed.

127.    As a result of Defendant's breach of the implied warranty of merchantability, Plaintiff and the Class have been damaged in the amount of the purchase price of the Bubblin' Buckets they purchased and any consequential damages resulting from the purchases.

128.    To the extent that notice of breach of warranty is required under any applicable state law, this Complaint constitutes sufficient notice of breach.  Alternatively, to the extent it is determined that notice of breach was required and not given, Defendant did not suffer any prejudice thereby.

## COUNT XI
### Breach of Implied Warranty of Fitness of Purpose
### (On Behalf of Plaintiff and the Class )

129.    Plaintiff repeats and realleges the above allegations as if fully set forth herein.

130.    Plaintiff and Class Members sought a bubble solution container with qualities that Defendant claimed were held by the Bubblin' Buckets.  Plaintiff and the Class relied on Defendant's skill, expertise and judgment to furnish goods for that stated purpose.  When Defendant sold the Bubblin' Buckets – directly or indirectly – to Plaintiff and Class members, Plaintiff and Class members bought these goods from Defendant in reliance on Defendant's skill and judgment.

131.    At the time of advertising and sale, Defendant had reason to know the particular purpose for which the goods were required.  Defendant knew that Plaintiff and Class members were relying on Defendant's skill and judgment to select and furnish suitable goods, thereby creating and confirming an implied warranty that the goods were fit for their stated and advertised purpose.

132.    Defendant, however, breached the implied warranty.  Plaintiff and members of the Class did not receive suitable goods in the form of the Bubblin' Buckets.  The Bubblin' Buckets were not fit for the particular purpose for which they were sought, purchased and required in that they were not "no-spill" as claimed by Defendant but rather, are quite prone to spills and leaks.

133.    As a direct and proximate result of this breach of implied warranty by Defendant, Plaintiff and the Class have been damaged in an amount to be determined at trial.

### COUNT XII
### Restitution Based on Unjust Enrichment/Quasi-Contract
### (On behalf of Plaintiff and the Class in the alternative)

134.    Plaintiff repeats and realleges the above allegations as if set forth fully herein.

135.    Plaintiff brings this claim individually and on behalf of the Class.

136.    Defendant, through false and misleading labeling, enticed Plaintiff and members of the Class to purchase the Bubblin' Buckets.

137.    Plaintiff and the Class members conferred a benefit on Defendant by purchasing the Bubblin' Buckets.

138.    Defendant had an appreciation and knowledge of the benefit conferred on it by Plaintiff and members of the Class.

139.    By its wrongful acts, Defendant has been unjustly enriched at the expense of, and to the detriment of, Plaintiff and members of the Class.

140.    Defendant benefitted financially from the revenues and other compensation tied to the sale of Bubblin' Buckets, which was unjust in light of Defendant's wrongful conduct.

141.    Under the circumstances, it would be against equity and good conscience to permit Defendant to retain the ill-gotten benefits it received from Plaintiff and the Class as the result of its deceptive marketing and advertising practices.

142.     Because Defendant's retention of the non-gratuitous benefit conferred on it by Plaintiff and the Class members is unjust and inequitable, Plaintiff seeks restitution from Defendant, and an order from the Court disgorging all profits, benefits and other compensation obtained by Defendant, due to its wrongful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment as follows:

A.     Determining that this action is a proper class action and designating Plaintiff as Class representative under Rule 23 of the Federal Rules of Civil Procedure and his undersigned counsel as Class counsel;

B.     Awarding compensatory damages in favor of Plaintiff and the other proposed Class members;

C.     Awarding statutory and punitive damages, to the extent available;

D.     Awarding restitution and disgorgement of Defendant's revenues to Plaintiff and the proposed Class members;

E.     Awarding injunctive relief as permitted by equity, including enjoining Defendant from continuing the unlawful practices as set forth herein and directing Defendant to engage in a corrective advertising campaign;

F.     Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including attorneys' fees and expert fees; and

G.     Providing such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial of his claims by jury to the extent authorized by law.

Dated: October 21, 2015                    Respectfully Submitted,

                                           **PASTOR LAW OFFICE, LLP**

                                           /s/ David Pastor
                                           David Pastor (BBO #391000)
                                           63 Atlantic Avenue, 3rd Floor
                                           Boston, MA 02110
                                           Telephone:  617-742-9700
                                           Facsimile:  617-742-9701
                                           Email:  dpastor@pastorlawoffice.com

                                           **THE SULTZER LAW GROUP, P.C.**
                                           Jason P. Sultzer, Esquire
                                           85 Civic Center Plaza, Suite 104
                                           Poughkeepsie, New York 12601
                                           Telephone:  845-483-7100
                                           Facsimile:  888-749-7747
                                           Email:  sultzerj@thesultzerlawgroup.com

                                           **ROSENBERG FORTUNA &
                                           LAITMAN LLP**
                                           Brett D. Zinner
                                           666 Old Country Road, Suite 810
                                           Garden City, New York 11530
                                           Telephone: (516) 228-6666
                                           Facsimile: (516) 228-6672
                                           Email:  brett@rosenbergfortuna.com